[No. 33112-1-III.   Division Three.   September 22, 2016.]

*In the Matter of the Involuntary Treatment of* A.J.†

---

† For purposes of this opinion, the appellant's initials are used in place of his name.

80

*Eric J. Nielsen* and *Jennifer M. Winkler* (of *Nielsen Broman & Koch PLLC*), for appellant.

*Robert W. Ferguson, Attorney General*, and *Andrea L. Utigard-Borg, Assistant*, for respondent.

¶1   Siddoway, J. — The trial court involuntarily committed A.J. to 180 days of mental health treatment. A.J. appeals, arguing that (1) though his commitment has ended, this case is not moot, (2) insufficient evidence supported the jury's verdict that he was "gravely disabled,"

and (3) trial counsel provided ineffective assistance when he did not object to a misleading jury instruction on the State's burden of proof. We find no error and affirm.

¶2 In response to a motion to publish, we have modified the sequence in which the issues are addressed. We address the claim of ineffective assistance of counsel in the published portion of our opinion, recognizing that it may be helpful to defendants requesting a modification of the Washington pattern instruction on the burden of proof in involuntary treatment cases.

## FACTS AND PROCEDURAL HISTORY

¶3 On June 29, 2014, A.J. was detained for involuntary mental health treatment at Providence Sacred Heart Medical Center. A.J. was detained because he had stopped taking his antipsychotic medications and had decompensated, becoming "agitated, confrontational, religiously preoccupied, grandiose, paranoid, and delusional." Clerk's Papers at 33. About two weeks later, the Spokane County Superior Court committed A.J. to Eastern State Hospital for 90 days for involuntary mental health treatment. Near the end of the 90 days, Dr. Patricia Gunderson and Dr. Laura Seymour petitioned the court for an order allowing up to 180 additional days of involuntary treatment for A.J. The doctors alleged A.J. required continued hospitalization because he was gravely disabled as a result of his mental disorder. A.J. requested a jury, and the three-day trial was held in early January 2014. During the trial, the State presented testimony from three witnesses to support the involuntary commitment. The substance of the State's evidence is described in the unpublished portion of this opinion.

¶4 At the close of the trial, the court instructed the jury on the State's burden of proof using a jury instruction almost identical to a Washington Pattern Jury Instruction (WPI). The jury found A.J. gravely disabled, and the court entered an order involuntarily committing A.J. for up to 180 days at Eastern State Hospital. A.J. timely appeals.

## ANALYSIS

¶5 We lead with our discussion of A.J.'s claim of ineffective assistance of counsel.

*A.J.'s trial counsel did not provide ineffective assistance*

■ ¶6 "Generally, under the [voluntary commitment] statute, RCW 71.05, persons may be involuntarily committed for treatment of mental disorders if, as a result of such disorders, they either (1) pose a substantial risk of harm to themselves, others, or the property of others, or (2) are gravely disabled." *In re Det. of LaBelle*, 107 Wn.2d 196, 201-02, 728 P.2d 138 (1986) (citing RCW 71.05.020, .150, .240, .280, .320). Where a 180-day commitment is at issue, the burden of proof is clear, cogent, and convincing evidence, "which means the ultimate fact in issue must be shown by evidence to be 'highly probable.' " RCW 71.05.310; *LaBelle*, 107 Wn.2d at 209.

¶7 A.J. argues his trial counsel provided ineffective assistance when he allowed the court to provide the jury with an instruction that essentially misstated the State's burden of proof. The challenged jury instruction—which is almost identical to WPI 360.06[1]—defined the clear, cogent, and convincing standard of proof:

Instruction No. 4: Eastern State Hospital is the petitioner, and has the burden of proving each element of its case by clear, cogent and convincing evidence. Clear, cogent and convincing evidence exists when the element has been shown by the evidence to be highly probable.

Proof by clear, cogent and convincing evidence requires a greater showing than is required under the preponderance of

---

[1] 6A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CIVIL 360.06 (6th ed. 2012) (WPI). There are two minor differences between the instruction given and the pattern instruction. Those differences are both in the last sentence of the third paragraph: "Reasonable doubt means such a doubt *as exists* in the mind of a reasonable person after fully, fairly, and carefully considering *all the evidence* or lack of evidence." WPI 360.06 (emphasis added).

the evidence standard that is used in many other civil cases. Preponderance of the evidence exists when an element has been shown to be more probably true than not true.

On the other hand, proof by clear, cogent and convincing evidence does not require as great a showing as is required under the reasonable doubt standard used in criminal cases. Reasonable doubt means such a doubt as would exist in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence.

Preponderance of the evidence and beyond a reasonable doubt are defined here solely to aid you in understanding the meaning of clear, cogent and convincing evidence.

Report of Proceedings at 155.

¶8 Specifically, A.J. argues that by using the criminal reasonable doubt standard for comparison without stating it requires the jury to find an element "beyond" a reasonable doubt, the instruction misled the jury into thinking that under the reasonable doubt standard, a jury could convict a criminal defendant even if it had a reasonable doubt. A.J. argues that because this lowered the criminal reasonable doubt standard offered as a comparison, it also lowered what the jury perceived the clear, cogent, and convincing standard to be—effectively lowering the State's burden of proof.[2]

---

[2] A.J. proposes the following instruction:

Eastern State Hospital is the petitioner, and has the burden of proving each element of its case by clear, cogent, and convincing evidence. Clear, cogent, and convincing evidence exists when the element has been shown by the evidence to be highly probable.

Proof by clear, cogent, and convincing evidence requires a greater showing than is required under the preponderance of the evidence standard that is used in many other civil cases. Preponderance of the evidence exists when an element has been shown to be more probably true than not true.

On the other hand, proof by clear, cogent, and convincing evidence does not require as great a showing as is required under the *"beyond a reasonable doubt"* standard used in criminal cases. *In a criminal case, the State has the burden of proving each element of a crime beyond a reasonable doubt.* Reasonable doubt

██ ¶9 To demonstrate ineffective assistance of counsel, a defendant must prove that counsel's representation was deficient and that the deficient representation prejudiced the defendant. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (citing *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987)). The claim fails if the defendant fails to satisfy either prong. *Thomas*, 109 Wn.2d at 226. There is a strong presumption that counsel performed effectively. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). A claim of ineffective assistance of counsel is a mixed question of law and fact and is reviewed de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

██ ¶10 A.J. cannot establish that counsel's representation was deficient. It is not deficient representation to fail to object when the court gives the jury a pattern jury instruction. *See State v. Studd*, 137 Wn.2d 533, 551, 973 P.2d 1049 (1999) (finding counsel was not ineffective for proposing a then-unquestioned pattern jury instruction). However, though we find counsel provided effective representation, A.J.'s suggestion that the instruction could be improved is well taken. The Washington Pattern Instructions Committee should consider revising the instruction to make clear that under the reasonable doubt standard the jury must find the essential facts *beyond* a reasonable doubt.

¶11 We affirm.

¶12 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

FEARING, C.J., and KORSMO, J., concur.

---

means such a doubt as exists in the mind of a reasonable person after fully, fairly and carefully considering all of the evidence or lack of evidence.

Preponderance of the evidence and beyond a reasonable doubt are defined here solely to aid you in understanding the meaning of clear, cogent, and convincing evidence.

Br. of Appellant at 27-28 (suggested alterations italicized).